In the Matter of LEONARD ZINN et al., Petitioners, *v.* JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent.

First Department, April 10, 1973.

*John S. Dorf* of counsel (*Berg, Mezansky & Dorf*, attorneys), for petitioners.

*Gene B. Mechanic* of counsel (*Samuel A. Hirshowitz* and *Stephen P. Seligman* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for respondent.

STEVENS, P. J. This is an article 78 proceeding to review the determination of respondent which found petitioners guilty of untrustworthiness and imposed a certain penalty upon each petitioner. The proceeding was transferred to this court by order of POSTEL, J., entered September 14, 1972. Judicial review is permitted pursuant to section 441-f of the Real Property Law.

Petitioner Zinn held a real estate broker's license and petitioner Warner a real estate salesman's license. Both were salaried employees whose work had to do with the renting of apartments in a group of buildings known as the Carlyle Group.

The charges in this proceeding arose from alleged acts or omissions of petitioners in connection with the rental of an apartment to a Ms. Merman and the execution of a lease for the apartment. The lease in question contained, in the rider attached to the printed form, a paragraph 33 which provided, in essence, that tenant's execution and delivery of the lease and the making of a payment "to apply against the first monthly installment of rent and/or security *shall constitute the tenant's offer, which shall remain open and irrevocable for a period of seven business days from the date hereof*" (emphasis supplied).

The statement of charges alleged that before executing the lease, Merman started to read same and was advised by Warner that the lease was a standard lease and relying on his statement she did not read the lease.

Subsequently, within the seven-day period, Merman changed her mind and wanted her money refunded. When the money was not forthcoming these charges resulted. It is alleged that paragraph 33 is a special clause not contained in a standard lease, that neither petitioner alerted Merman to the clause, and it is on the basis of such clause that there was a refusal to refund the money.

At the hearing a Senior License Investigator of the Department of State was the sole witness in support of the charges. It is on the basis of his testimony and the existence and use of clause 33, that the finding of guilt as to each petitioner is premised. Neither Merman nor the person who accompanied her and was present during the lease negotiations appeared or testified.

The single question is whether there is substantial evidence to support the determination. It is concluded there is not such evidence.

As noted earlier both petitioners were salaried employees. The contention of Zinn that he was not acting as a real estate broker, and of Warner that he was not acting as a real estate salesman when the lease was negotiated, seems valid. Neither, from the record, expected or received any fee or commission. The provision in clause 33 as to an irrevocable offer for seven days is neither illegal nor misleading (cf. General Obligations Law, § 5–1109). Petitioner was afforded the opportunity of reading the entire lease but, according to the Investigator, she elected not to do so. Warner testified, however, that Merman and the person who accompanied her went through the lease. The riders were each individually signed by the tenant. We find neither breach of faith nor breach of any duty by these petitioners to Merman. Indeed, testimony on behalf of petitioners indicates that Merman sought to withdraw because she found a cheaper apartment and her request to add another name as signatory was denied.

The requirement that the licensees reimburse Merman for the moneys paid by Merman to the landlord is not justified. There is only the hearsay testimony of the License Investigator that Merman was induced to sign the lease without reading its terms and that she had withdrawn her offer before acceptance by the landlord. There is no substantial evidence here to support the

determination of untrustworthiness for the factual presentation falls far short of that required. (*Matter of Gold* v. *Lomenzo*, 29 N Y 2d 468; *Matter of Chiaino* v. *Lomenzo*, 26 A D 2d 469, 472; *Matter of Diona* v. *Lomenzo*, 26 A D 2d 473.)

The determination should be annulled on the law and the charges dismissed without costs to either party.

KUPFERMAN, LANE, STEUER and CAPOZZOLI, JJ., concur.

Determination of the respondent dated May 11, 1972, unanimously annulled, on the law, without costs and without disbursements, and the charges dismissed.